

FILED

NOV 2 9 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 10-53637-E-13 |
| G. WENDELL ULBERG and KATHLEEN M. ULBERG, | |
| Debtor(s). | |
| G. WENDELL ULBERG and KATHLEEN M. ULBERG, | Adv. Pro. No. 11-2122 Docket Control No. SW-1 |
| Plaintiff(s), v. | |
| BANK OF AMERICA, N.A., et al., | |
| Defendant(s). | |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM OPINION AND DECISION

G. Wendell Ulberg Jr. and Kathleen M. Ulberg ("Plaintiff-Debtors") commenced this Adversary Proceeding against Bank of America, N.A., Pacific Crest Partners, Inc. ("Pacific Crest"), John Mudgett ("Mudgett"), and Recontrust Company, N.A. ("Recontrust") concerning ownership of real property commonly known as 1382 Mineral Springs Trail, Alpine Meadows, California (the

"Property"). Through this litigation the Plaintiff-Debtors seek to establish that they and their Chapter 13 bankruptcy estate are the owners of the Property, having ownership interests superior to those of the Defendants.

The Motion to Dismiss causes of action in this Adversary Proceeding was properly noticed and set for hearing before this court. The Plaintiff-Debtors' having filed an opposition, the court will address the merits of the motion. Bank of America, N.A. seeks to dismiss this adversary proceeding for failure to state a claim. Fed. R. Civ. P. 12(b)(6) *incorporated by* Fed. R. Bankr. P. 7012. Bank of America, N.A. argues that:

1.  Plaintiff-Debtors have not pled sufficient grounds to allege fraud or negligent misrepresentation;

2.  Plaintiff-Debtors failed to show unfair business practices on the part of Bank of America, N.A.;

3.  Plaintiff-Debtors cannot set aside, rescind or cancel the Trustee's Deed;

4.  Plaintiff-Debtors cannot quiet title without paying their loan; and

5.  Declaratory relief is not a cause of action so therefore, it is not an appropriate remedy.

The court's decision is to grant the Motion to Dismiss in part and deny the Motion in part.

Mudgett and Pacific Crest filed a "joinder" to Bank of America, N.A.'s Motion to Dismiss. The attempted joinder is not procedurally proper. The "Joinder" does not fit the requirements for joinder, *see* Fed. R. Bankr. P. 7018-7020. The joinder is overruled for procedural defects but those Defendants may file in the future such proper pleadings as they determine appropriate under the Federal Rules of Civil Procedure and the Federal Rules of

Bankruptcy Procedure.

**REQUEST FOR JUDICIAL NOTICE**

Bank of America, N.A. requests that the court take judicial notice of documents offered with its motion to dismiss:

A.    Deed of Trust

B.    Substitution of Trustee

C.    Notice of Default

D.    Notice of Trustee's Sale

E.    Certificate of Sale at Public Auction

F.    Trustee's Deed Upon Sale

G.    PACER Docket of Bankruptcy Case No. 10-53673-E-13L

While a majority of the documents offered provide evidence of having been filed with the court or recorded by the relevant county recorder, the documents labeled Exhibits B, D, and E, *see* Dckt. 54, do not bear evidence from the relevant county recorder that the documents were filed.  Exhibits B and D show that they were sent off to be recorded but they do not reflect that they actually have been.  Exhibit E has no markings that even suggest it was even sent off to be recorded.

Where certain indisputable facts are so within the common and general knowledge of the community, or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, the judicial notice doctrine serves as a substitute for formal proof. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resorting to sources whose accuracy cannot be reasonably be

questioned. Fed. R. Evid. 201(b).  Even where a fact may not be of common knowledge, so long as the fact is capable of immediate and accurate determination from a credible source, a court may take judicial notice.  *Id.*, at 201(b)(2).

No formula exists for determining the appropriate use of judicial notice under Federal Rule of Evidence 201(b)(2).  *See* 2 MCCORMICK ON EVID. 11 § 330 (6th ed.). Frequently, courts utilize judicial notice with regard to information contained in public records.  *Mack v. S. Bay Beer Distrib.*, 798 F. 2d 1279, 1282 (9th Cir. 1986), *abrogated in part on other grounds by Astoria Federal Savings and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

The documents labeled Exhibits B, D, and E do not show that they were in fact recorded with the relevant county recorder. Therefore, there is no evidence that the documents are contained in public records.  The court will take judicial notice of Exhibits A, C, F, and G in Docket No. 128.  The request for judicial notice of Exhibits B, D, and E is denied without prejudice.

**FACTUAL ALLEGATIONS IN FIRST AMENDED COMPLAINT**

Plaintiff-Debtors allege they were the owners of the Property and have lived there since 1986.  The Property was subject to two claims held by Bank of America, N.A. and secured by trust deeds: one claim with a balance of $218,741.00 and a second with a balance of $151,186.00.  Plaintiff-Debtors submitted a loan modification application to Bank of America, N.A. under the HAMP program in June 2010. Plaintiff-Debtors represent that HAMP guidelines prohibit foreclosure sales while a loan is under HAMP review.   Bank of America, N.A. allegedly represented to Plaintiff-Debtors that (1) during the time the loan modification was under review, they

1 would not foreclose on the property, (2) Bank of America, N.A.
2 would send a Reinstatement letter in order to allow Plaintiff-
3 Debtors to bring the account current, and (3) because Plaintiff-
4 Debtors' loan modification request was still under review, Bank of
5 America, N.A. had made a request for the postponement of the
6 foreclosure sale which, at that time, was scheduled for
7 December 27, 2010.

8      Allegedly in reliance on these representations, Plaintiff-
9 Debtors stopped making payments while they awaited review of their
10 loan modification and refrained from taking any other actions to
11 protect their ownership in the Property, including not keeping
12 their account current or filing for bankruptcy. Bank of America,
13 N.A. also allegedly announced that there would be a moratorium on
14 foreclosure sales effective December 27, 2010. On December 24,
15 2010, Mudgett, a real estate salesperson for Pacific Crest, came to
16 the property and told Plaintiff-Debtors that their Property would
17 be foreclosed on December 27, 2010. Plaintiff-Debtors informed him
18 that a loan modification was pending. Plaintiff-Debtors represent
19 that on December 27, 2010 — prior to the sale — Recontrust, the
20 trustee, was advised of Plaintiff-Debtors' bankruptcy and that
21 Recontrust represented that the file would be put into bankruptcy
22 status and that the sale would not proceed. However, Recontrust
23 proceeded with the sale and the Property was purportedly sold to
24 Pacific Crest for $190,000.00.

25                **THE ADVERSARY PROCEEDING**

26      The Plaintiff-Debtors filed this adversary proceeding on
27 February 22, 2011. They then filed a First Amended Complaint
28 ("FAC") on March 15, 2011. The FAC makes the following general

allegations:

1.  Bank of America, N.A. fraudulently made representations with the intention of inducing Plaintiff-Debtors to rely on them to their detriment;

2.  Bank of America, N.A. made representations which were false at the time they were made and which Defendant had no reasonable basis to believe were true;

3.  The Plaintiff-Debtors relied on the alleged false representation to their deteriment;

4.  Bank of American, N.A. and Recontrust violated California Business and Professions Code section 17200 as the loan modification program was an immoral, unethical, oppressive and unscrupulous business practice that was substantially injurious to consumers;

5.  Bank of America, N.A., by intentionally misrepresenting to Plaintiff-Debtors that the foreclosure sale would not occur, deprived Plaintiff-Debtors of their legal right to cure the default on their loan;

6.  The foreclosure sale violated HAMP guidelines;

7.  Recontrust, Mudgett, and Pacific Crest had actual knowledge that the purported foreclosure sale was improper and that Bank of American, N.A. could not have the Property sold at the nonjudicial foreclosure sale.

8.  The Plaintiff-Debtors' title and interest in the Property is superior to that of Pacific Crest or what was purported to be transferred by and for Bank of America, N.A.

**ANALYSIS**

In considering a motion to dismiss, the court starts with the basic premise that the law favors disputes being decided on their merits, and a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to the relief. *Williams v. Gorton*, 529 F.2d 668, 672 (9th Cir. 1976). Any doubt with respect to whether a motion to dismiss is to be granted should be resolved in favor of the pleader. *Pond v. General Electric Company*, 256 F.2d 824, 826-827 (9th Cir. 1958). For purposes of

6

determining the propriety of a dismissal before trial, allegations in the complaint are taken as true. *Kossick v. United Fruit Co.*, 365 U.S. 731, 731 (1961).

The complaint must provide more than labels and conclusions, or a formulaic recitation of a cause of action; it must plead factual allegations sufficient to raise more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). Federal Rule of Civil Procedure 8, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7008, requires that complaints contain a short, plain statement of the claim showing entitlement to relief and a demand for the relief requested. Fed. R. Civ. P. 8(a). As the Court held in *Bell Atlantic*, the pleading standard under Rule 8 does not require "detailed factual allegations," but it does demand more than an unadorned accusation or conclusion of a cause of action. *Bell Atlantic*, 550 U.S. at 555.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) (citations and quotation marks omitted). Rule 8 also requires that allegations be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

In ruling on a 12(b)(6) motion to dismiss, the Court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The court

1 need not accept unreasonable inferences or conclusory deductions of
2 fact cast in the form of factual allegations. *Sprewell v. Golden*
3 *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).   Nor is the
4 court required to "accept legal conclusions cast in the form of
5 factual allegations if those conclusions cannot be reasonably drawn
6 from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d
7 752, 754-55 (9th Cir. 1994).

8 **Plaintiff-Debtors' Request for Leave to Amend**

9       In their opposition to Bank of America, N.A.'s Motion to
10 Dismiss, Plaintiff-Debtors argue in the alternative for leave to
11 amend their First Amended Complaint so as to better factually
12 support their claims.  However, a procedure of continually amending
13 complaints is not one favored by the court.  After an automatically
14 allowed first amendment, further amendments shall be made with
15 leave of the court, which must be requested by a separate, noticed
16 motion detailing what Plaintiff-Debtors plan to include in their
17 second amended complaint, with a copy of the proposed second
18 amended complaint filed as an exhibit in support of the motion.

19 **Fraud - First Cause of Action**

20       Plaintiff-Debtors argue that Bank of America, N.A., through
21 multiple misrepresentations, fraudulently led them to believe that
22 the foreclosure sale was not going to happen as long as their loan
23 was under review for modification. Under California law, the
24 elements of fraud are "(a) misrepresentation, (b) defendant's
25 knowledge of the statement's falsity, (c) Intent to . . . induce
26 action in reliance on the misrepresentation[], (d) justiciable
27 reliance, and (e) resulting damage." *Flaxel v. Johnson*, 541 F.
28 Supp. 2d 1127, 1145 (S.D. Cal. 2008) (quoting *Hunter v. Up-Right,*

8

*Inc.*, 6 Cal. 4th 1174, 1184 (1993).  When pleading fraud or mistake in a complaint, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. Pro. 9(b). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so a defendant can prepare an adequate answer from the allegations." *In re Van Wagoner Funds, Inc. Securities Litigation*, 382 F. Supp. 2d 1173, 1180 (N.D. Cal. 2004). The plaintiff has an obligation to "state precisely the time, place, and nature of misleading statements, misrepresentations, and specific acts of fraud." *Kaplan v. Rose*, 49 F. 3d 1363, 1370 (9th Cir. 1994).  Particularity requires a plaintiff to "set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *In re GlenFed, Inc. Securities Litigation*, 42 F. 3d 1541, 1548 (9th Cir. 1994), *superseded by statute on other grounds*.

Bank of America, N.A. argues that Plaintiff-Debtors' complaint is filled with general allegations against 'defendants.' However, Plaintiff-Debtors' fraud claim is brought only against Bank of America, N.A. and the Doe Defendants and the three statements Plaintiff-Debtors allege were given fraudulently are attributed explicitly to Bank of America, N.A. and Bank of America, N.A. alone. Bank of America, N.A. then argues that Plaintiff-Debtors failed to properly prove justifiable reliance. Justifiable reliance "is a subjective standard focusing on the individual capacity of the plaintiff and circumstances of the case as opposed to an objective, 'community standard' of conduct." *Kaufman v. Tallant (In re Tallant)*, 207 B.R. 923, 933 (Bankr. E.D. Cal. 1997),

1 *reversed in part on other grounds sub nom. Tallant v. Kaufman (In*
2 *re Tallant)*, 218 B.R. 58 (B.A.P. 9th Cir. 1998). Looking at the
3 circumstances surround this case, Plaintiff-Debtors could be found
4 to have plead plausible justifiable reliance on Bank of America,
5 N.A.'s assertion that the foreclosure sale would be postponed and
6 thereby were induced to stop making payments while their loan was
7 under review or to not file bankruptcy to protect their ownership
8 of the Property.

9     Bank of America, N.A. also argues that Plaintiff-Debtors have
10 failed to meet the heightened pleading standard since they fail to
11 identify who made which statements or state why the statements were
12 misleading. As to the first part, Plaintiff-Debtors contend in
13 their opposition that they failed to identify specific people
14 because Bank of America, N.A. does not give out the names of those
15 working in its loan modification program. The court notes that
16 plaintiffs are given a little leeway in pleading when the necessary
17 information is under the control of the defendant. 3 MOORE'S FEDERAL
18 PRACTICE § 9.03[1][b]. However, plaintiffs are still required to
19 provide factual allegations that make their claims plausible. *Id.*
20 Within the small universe of people involved in the transaction
21 involving this one loan and relating to the purported loan
22 modification, the description is sufficient for purposes of a
23 motion to dismiss. The evidential detail can be quickly obtained
24 through discovery by the Defendants.

25     As to the second part, Plaintiff-Debtors point to which
26 statements were false and detail how they relied on these
27 misleading statements. "It is not sufficient simply to allege that
28 a statement was false." *Ronconi v. Larkin*, 253 F. 3d 423, 431 (9th

Cir. 2001).  However, "This falsity requirement can be satisfied by point to inconsistent contemporaneous statements or information . . . which were made by or available to the defendants." *Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999) (quoting *Glenfed,* 42 F.3d at 1549).   In the First Amended Complaint the Plaintiff-Debtors alleged that the statement that Bank of America, N.A. would not foreclosure while the loan modification was in active review, that Bank of America, N.A. would send a reinstatement letter were false, and that the December 27, 2011 foreclosure sale would be postponed.  FAC ¶ 12.  It is clear the universe of specific statements which are alleged not to be true.

The First Amended Complaint sufficiently alleges that Bank of America, N.A. intended to make the alleged representations, and that in doing so did with the intention that the Plaintiff-Debtors rely on the representations.  It is not necessary for a plaintiff to provide a rote recitation of the elements of a tort, but such may be made as part of the allegations.   The First Amended Complaint alleges that Bank of America, N.A. made the representations with the intention that the Plaintiff-Debtors rely upon them, ¶ 22, that the representations were false, ¶ 23, Plaintiff-Debtors reasonably relied upon the false representations, ¶ 24, and that Plaintiff-Debtors have suffered damages of at least $100,000.00, ¶ 25.   While Bank of America, N.A. disputes these allegations, such dispute does not warrant dismissal of the First Cause of Action.

The Motion is denied as to the First Cause of Action.

**Negligent Misrepresentation – Second Cause of Action**

Plaintiff-Debtors also argue that Bank of America, N.A. is

guilty of negligent misrepresentations for the same statements claimed under their fraud cause of action.  When a plaintiff claims both fraud and negligent misrepresentation and "the two claims are factually inseparable, Rule 9(b) does govern the pleading requirements of the 'intertwined' non-fraud-based claim." *Kitchell v. Aspen Exploration, Inc.*, 562 F. Supp. 2d 843, 852 (E.D. Tex. 2007) (citing *Am. Realty Trust, Inc. V. Travelers Cas. & Sur. Co.*, 362 F. Supp. 2d 744, 752 (N.D. Tex. 2005)).

A claim for Negligent Misrepresentation is one where a defendant makes false statements, honestly believing that they are true, but without reasonable grounds for that belief.  5 WITKIN SUMMARY OF CALIFORNIA LAW, 10th Edition, Torts § 818.  *See* California Civil Code § 1710, defining deceit.  As discussed by the Ninth Circuit Court of Appeals, it is sufficient that the misrepresentation be recklessly made, without reasonable grounds or an honest belief that they are true, and made deliberately in such a way as to give the person to whom it is made reasonable grounds for supposing that it was meant to be acted upon and that person has acted on it accordingly.  *Schwinn v. United States*, 112 F.3d 74, 75 (9th Cir. 1040), aff'd 311 US 616 (1940).

The Negligent Misrepresentation tort replaces the scienter or intent to defraud requirement for actual fraud with the reckless, without reasonable grounds or honest belief element. *Goehring v. Chapman* University, 212 Cal. App. 4th 353, 364 (4th App. Dist. 2004).  The elements for a claim of Negligent Misrepresentation must plead with specificity that there was:

> (1)  the misrepresentation of a past or existing material fact,

12

(2)   without reasonable grounds for believing it to be true,

(3)   with intent to induct another's reliance on the fact misrepresented,

(4)   justifiable reliance on the misrepresentation, and

(5)   resulting damages.

*Id.  See Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 173-174 (2003).

*In re Still*, 393 B.R. 896, 916 (Bankr. C.D. Cal. 2008).  As with other negligence claims, Plaintiff-Debtors must also show that the defendant breached a legal duty by giving the misrepresentations. *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864 (1988).

Bank of America, N.A. asserts that the Plaintiff-Debtors have failed to allege that the Bank had a duty to postpone the foreclosure sale, and therefore a claim for Negligent Misrepresentation is not pled.  This misstates the duty which is at the basis of the alleged Negligent Misrepresentation.  The Plaintiff-Debtors have alleged that Bank of America, N.A., in their contractual relationship, chose to represent that the foreclosure sale would be postponed.  As argued by Bank of America, N.A., it may well of had the right to just proceed with the nonjudicial foreclosure sale.  However, it is alleged that Bank of America, N.A. chose to represent to the Plaintiff-Debtors that it would not proceed with the nonjudicial foreclosure sale on December 27, 2010, and the Plaintiff-Debtors relief on that representation.

It is well established that every contract imposes on the parties a duty of good faith and fair dealing in the performance and enforcement of the contract.  *Foley v. Interactive Data Corp.*,

47 Cal. 3d 654, 683-684 (Cal. 1988). Generally, that duty is the basis for a party seeking a remedy under the contract, not as the basis for a tort remedy. *Id.* However, as stated in 6 WITKIN SUMMARY OF CALIFORNIA LAW, TENTH EDITION, TORTS, § 831, negligence is either the omission of a person to do something which an ordinarily prudent person would have done under given circumstances or the doing of something which an ordinarily prudent person would not have done under the circumstances. In general, all persons are to use ordinary care to prevent others from being injured as a result of such persons' conduct. *Rowland v. Christian*, 69 C.2d 108 (Cal. 1968). Thus, where a person chooses to make statements, though honestly believed to be true, but which are not based on reasonable grounds for such belief, liability may exist for negligent misrepresentation. 5 WITKIN SUMMARY OF CALIFORNIA LAW, TENTH EDITION, Torts § 818.

In addition to the contractual obligation to deal with the Plaintiff-Debtors in good faith and deal with them fairly, Bank of America, N.A. had an obligation not to misrepresent material facts to them. It is alleged that this duty not to misrepresent materials facts upon which the Plaintiff-Debtors would reasonably rely is what has been breached. Applying the pleading standard under Rule 9(b), Plaintiff-Debtors' First Amended Complaint is sufficient to allege that Bank of America, N.A. breached a duty, other than its contractual duty to the Plaintiff-Debtors.

Therefore, the Motion to Dismiss the Second Cause of Action for Negligent Misrepresentation is denied.

**Unfair Business Practices - Third Cause of Action**

Citing the same three statements as the previous two claims as

14

the basis for this cause of action, Plaintiff-Debtors contend that
Bank of America, N.A. violated California Business and Professions
Code section 17200, describing their loan modification program as
"immoral, unethical, oppressive, unscrupulous, and substantially
injurious to consumers." FAC ¶ 33. Section 17200 provides that
unfair business practices include, "any unlawful, unfair or
fraudulent business act or practice and unfair, deceptive, untrue
or misleading advertising and any action prohibited by Chapter 1
(commencing with Section 17500)." Section 17500 includes "false or
misleading statements."

Bank of America, N.A. argues that Plaintiff-Debtors have
failed to show fraudulent practices since they have failed to show
justifiable reliance. However, "The 'fraud' prong of the Business
and Processions Code section 17200 is unlike common law fraud or
deception. A violation can be shown even if no one was actually
deceived, relied upon the fraudulent practice, or sustained any
damage. Instead, it is only necessary to show that members of the
public are likely to be deceived." *Podolsky v. First Healthcare
Corp.*, 50 Cal. App. 4th 632, 647-48 (1996) (citing *Committee on
Children's Television, Inc. V. General Foods Corp.*, 35 Cal. 3d 197,
211 (1983)). Still, Plaintiff-Debtors have failed to meet this
standard since they do not show that Bank of America, N.A.'s
conduct is something that will likely deceive the public. In their
First Amended Complaint, Plaintiff-Debtors allege that there has
been a pattern of similar actions by Bank of America, N.A. against
other consumers but they fail to plead with particularity facts
supporting this allegation.

Bank of America, N.A. also argues that Plaintiff-Debtors have

15

failed to identify any laws that Bank of America, N.A.'s conduct
violated and therefore have failed to state a claim for unlawful
business practices. However, "A practice can violate this section
even if it is merely unfair and not unlawful." *Mangindin v. Wash.
Mut. Bank*, 637 F. Supp. 2d 700, 709 (N.D. Cal. 2009).   "In
determining whether a particular business practice is unfair under
Section 17200, the court must weigh the utility of the defendant's
conduct against the gravity of the harm to the alleged victim." *Id.*
at 710.   Bank of America, N.A., though, argues in both its Points
and Authorities and its Reply to Plaintiff-Debtors' Opposition
that, quoting *Schnall v. Hertz Corp.*, 78 Cal. App. 4th 1144, 1166-
67 (2000), "any claims of unfairness under the UCL should be
defined in connection with a legislatively declared policy."
However, this quote cites back to the decision in *Cel-Tech
Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.
4th 163, 286 (Cal. 1999), with respect to the unfair competition
component of § 17200, not the unfair practices.

However, the pleading of a claim under Business and
Professions Code § 17200 et. seq. is more than that there must be
some unfair business practice and the plaintiff wants relief under
§ 17200.   The Third Cause of Action includes a statement that the
Bank of America, N.A. loan modification program, "as detailed
above," is an immoral, unethical, oppressive, unscrupulous, and
substantially injurious to consumers. First Amended Complaint ¶33.
However, the First Amended Complaint does not include any
allegations about the Bank of America, N.A. loan modification
program.   Rather, it is alleged that representatives of Bank of
America, N.A. stated that the December 27, 2010 foreclosure sale

1 || was to be postponed, and it was not postponed.  There is nothing
2 || alleged about the loan modification program by which this court
3 || could  conclude  that  a  plausible  claim  under  Business  and
4 || Professions Code § 17200 et. seq. is stated in the First Amended
5 || Complaint.

6 ||     Therefore, the Motion is granted and the Third Cause of Action
7 || is dismissed as to Bank of America, N.A., without leave to amend.

8 || **Set Aside, Rescind, or Cancel Trustee's Deed - Fifth**
9 || **Cause of Action**

10 ||     Plaintiff-Debtors request that the court rescind the Trustee's
11 || Deed based on Bank of America, N.A. intentionally misrepresenting
12 || that the foreclosure sale would not occur.  Bank of America, N.A.
13 || argues that Plaintiff-Debtors have failed to state a recognizable
14 || cause of action since they fail to allege any known action besides
15 || intentional misrepresentation.  However, the California Civil Code
16 || provides that, "In any transaction involving residential real
17 || property in foreclosure . . . which is in violation of Section
18 || 1695.13 is voidable and the transaction may be rescinded by the
19 || property owner within two years of the date of the recordation of
20 || the conveyance of the residential real property in foreclosure."
21 || Cal. Civ. Code § 1695.14.  California Civil Code section 1695.13
22 || provides that, "It is unlawful for any person to initiate, enter
23 || into,  negotiate,  or  consummate  any  transaction  involving
24 || residential real property in foreclosure . . . if such person, by
25 || the terms of such transaction, takes unconscionable advantage of
26 || the property owner in foreclosure."

27 ||     However, assuming that Plaintiff-Debtors were seeking relief
28 || under §1695.13, Plaintiff-Debtors have plead a claim for fraud,

1   which is a violation of California Civil Code section 1695.13.
2   They further allege that Pacific Crest was informed of the pending
3   loan modification and that Bank of America, N.A. could not proceed
4   with a foreclosure sale. They have adequately pled their claims of
5   fraud or negligent misrepresentation, and that based on their
6   reliance on the representations, Bank of America, N.A. and Pacific
7   Crest proceeded with the foreclosure sale. It is clear from the
8   pleadings, alleging that property worth $450,000.00 was purchased
9   by Pacific Crest for $190,000.00, that unconscionable advantage is
10  alleged to have been taken of the Plaintiff-Debtors by reliance on
11  representations that the nonjudicial foreclosure sale would be
12  postponed.

13      This First Amended Complaint asserts that neither Bank of
14  America, N.A. nor Pacific Crest participated in the nonjudicial
15  foreclosure sale in good faith, without notice that the sale was
16  not to occur. There was a representation, which is alleged to be
17  known by Bank of America, N.A., Pacific Crest, and Mudgett, that
18  the Plaintiff-Debtors had been told that the foreclosure sale was
19  to be postponed. Actual events may show, if the representation is
20  proven, that the misrepresentation led to the Plaintiff-Debtors
21  being misled and Pacific Crest participating in the sale through
22  which it now asserts to own the Property. *See Rogers v. Warden*, 20
23  Cal. 2d 286 (Cal. 1942).

24      Contrary to Bank of America, N.A.'s contention, the ruling of
25  the District Court of Appeals does not result in precluding the
26  Plaintiff-Debtors from attempting to rescind the deed from a
27  nonjudicial foreclosure sale based on fraud that was known by both
28  the lender and the purchaser at the foreclosure sale. In *Melendrez*

*v. D&K Investment, Inc.*, 127 Cal. App. 4th 1238,1250 (6th App. Dist. 2005), which is cited in the *Malbry* decision relied on by Bank of America, N.A., the conclusive presumption is that a nonjudicial foreclosure sale exists for bona fide purchasers without knowledge of a defect in the sale. The purchaser must not have knowledge of the rights of the other party. *Id.*, 1251. Here, it is alleged that both Bank of America, N.A. and Pacific Crest knew that the foreclosure sale was not to be conducted on December 27, 2010.

    The Motion is denied as to the Fifth Cause of Action to Rescind the trustee's deed to Pacific Crest.

**Quiet Title - Sixth Cause of Action**

    Plaintiff-Debtors seek to quiet title as to the Property as of December 27, 2010, the day of the foreclosure sale, presumably based on the argument that the sale was unlawfully held. Bank of America, N.A. argues that Plaintiff-Debtors cannot bring a claim of quiet title since they have failed to tender. Generally, when attacking a foreclosure sale, the trustor-debtor must tender the amount he or she owes on the note. *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984). However, if a foreclosure sale is void or it is otherwise inequitable, the tender requirement may be waived. *Standley v. Knapp*, 113 Cal. App. 91, 102 (1931); *Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285, 291 (1911); *see also* 4 MILLER & STAR CALIFORNIA REAL ESTATE § 10:212 (3d ed.). Therefore, to the extent the Ulbergs properly allege that the foreclosure was procured through fraud or that the sale is void as defective, then they are not required to tender.

    Plaintiff-Debtors have alleged a simple and particular ground upon which their claim of ownership is based – the

1 misrepresentation that the foreclosure sale was to be postponed.
2 Additionally, they allege that the foreclosure sale was improperly
3 conducted in violation of HAMP.  Further, that both Bank of
4 America, N.A. and Pacific Crest were aware of these defects.  By
5 virtue of these defects, the Plaintiff-Debtors assert that their
6 interest in the Property, which is now property of the bankruptcy
7 estate, is superior to that of Pacific Crest, which acquire its
8 interest from Bank of America, N.A.'s trustee under the deed of
9 trust.

10     The Motion to dismiss the Sixth Cause of Action for Quiet
11 Title is denied.

12 **Declaratory Relief - Seventh Cause of Action**

13     Plaintiff-Debtors seek Declaratory Relief to determine their
14 rights and duties as to Defendants, as well as who owns the title
15 to the Property.  Bank of America, N.A. argues that declaratory
16 relief is not a recognized cause of action and is partially
17 correct.  A plaintiff cannot bring a cause of action for
18 declaratory relief by itself.  Still, a plaintiff can bring a claim
19 for declaratory relief when it is attached to an actual issue of
20 controversy. 3 MOORE'S FEDERAL PRACTICE § 57.22[1](3d ed. 2011).
21 Plaintiff-Debtors contend that there is a controversy over who is
22 the holder of title to the Property.  However, the relief sought
23 under this cause of action is already addressed by Plaintiff-
24 Debtors' Quiet Title Claim.  "If there is no actual controversy,
25 there is no discretionary action that a court can take." *Id*.
26 Also, "a claim for declaratory relief is unnecessary where an
27 adequate remedy exists under some other cause of action."
28 *Mangindin*, 637 F. Supp. 2d at 707.

20

1  Since Plaintiff-Debtors have already brought a quiet title
2  claim against the Defendants, the relief sought by this cause of
3  action can be addressed by another claim and there is no
4  controversy the court can remedy through declaratory relief.
5  Therefore, this cause of action is dismissed without prejudice and
6  without leave to amend.

7  **CONCLUSION**

8  Plaintiff-Debtors fail to plead their claims alleging
9  violation of California Business and Professions Code § 17200 et.
10  seq. and for Declaratory Relief with the necessary particularity.
11  Accordingly, the Motion to Dismiss is granted as to Plaintiff-
12  Debtors' Third and Seventh Causes of Action and denied as to
13  Plaintiff-Debtors' First, Second, Fifth, and Sixth Causes of
14  Action.  No relief was requested as to the Fourth Cause of Action.

15  This Memorandum Opinion and Decision constitutes the court's
16  findings of fact and conclusions of law.  A separate order shall be
17  issued consistent with the ruling in this decision.

18  Dated: November 29, 2011

20  RONALD H. SARGIS, Judge
21  United States Bankruptcy Court

21

This document does not constitute a certificate of service.  The parties listed below will be served a separate copy of the attached document(s).

---

Adam Barasch
1 Embarcadero Center #2600
San Francisco, CA 94111

John Downing
10069 W River St #6C
Truckee, CA 96161

Scott CoBen
1214 F St
Sacramento, CA 95814

Recontrust, N.A.
Attn: Officer, Managing or General Agent for Service
1800 Tapo Canyon Rd
Simi Valley, CA 93063

G. Wendell Ulberg
PO Box 1024
Tahoe City, CA 96145

Kathleen Ulberg
PO Box 1024
Tahoe City, CA 96145

David Cusick
PO Box 1858
Sacramento, CA 95812-1858

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814